UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., Booking No. 15780644,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WALMART,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:16-cv-00947-GPC-JLB<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

DAVID B. TURNER, Jr. ("Plaintiff"), currently detained at George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, has filed a civil complaint alleging "unfair practices of racism by Walmart employees," which have allegedly resulted in his current term of "oppressive pretrial incarceration." (ECF No. 1 at 1.) He demands $7 million in damages. (*Id*.)

**I.      Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

1

1  $400. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to
2  prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP")
3  pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th
4  Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner
5  who is granted leave to proceed IFP remains obligated to pay the entire fee in
6  "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629
7  (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of
8  whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v.*
9  *Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

10       Section 1915(a)(2) requires all persons seeking to proceed without full prepayment
11  of fees to submit an affidavit that includes a statement of all assets possessed and
12  demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th
13  Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the
14  trust fund account statement (or institutional equivalent) for . . . the 6-month period
15  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*
16  *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the
17  Court assesses an initial payment of 20% of (a) the average monthly deposits in the
18  account for the past six months, or (b) the average monthly balance in the account for the
19  past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.
20  § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then
21  collects subsequent payments, assessed at 20% of the preceding month's income, in any
22  month in which his account exceeds $10, and forwards those payments to the Court until
23  the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

For the reason explained above, the Court:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to re-open this case by: (a) prepaying the entire $400 civil filing and administrative fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint as is required by 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); and

(3) **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, his case will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: June 14, 2016

Hon. Gonzalo P. Curiel
United States District Judge